## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CASE NO.:

LUIS AMIGHETTI

     Plaintiff,

v.

MICHAEL RAY CHILDRESS AND
DOUBLE CC TRUCKING, LLC,

     Defendants.

_____/

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)

PLEASE TAKE NOTICE that Defendants, MICHAEL RAY CHILDRESS AND DOUBLE CC TRUCKING, LLC ("DEFENDANTS"), hereby remove the above-captioned action to the United States District Court for the Middle District of Florida, Orlando Division, from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, State Case No. 05-2022-CA-036073, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### INTRODUCTION

1

1.     This action arises from an incident that occurred on March 24, 2022, in Melbourne, Brevard County, Florida.  Defendant, MICHAEL RAY CHILDRESS ("CHILDRESS"), was driving a 2016 Semi that was owned by Defendant, DOUBLE CC TRUCKING, LLC ("DOUBLE CC TRUCKING"), on I-95, when a blowout occurred of the right steer tire.  Debris from the blowout impacted a vehicle driven by Plaintiff, LUIS AMIGHETTI ("PLAINTIFF").

2.     Prior to filing a Complaint, PLAINTIFF did not send a demand or open negotiations with DEFENDANTS to settle his claim.

3.     On May 9, 2022, PLAINTIFF filed a Complaint against DEFENDANTS, in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Case number 05-2022-CA-036073.  A copy of the Complaint is attached as Exhibit "A."

4.     In the Complaint, PLAINTIFF asserted a claim for bodily injury because of the negligence of CHILDRESS  and alleging that DOUBLE CC TRUCKING is vicariously liable for the actions of CHILDRESS under the theories of Florida's dangerous instrumentality doctrine and as an employer of CHILDRESS.  Ex. A.

5.     For jurisdictional purposes, PLAINTIFF alleged that the amount in controversy exceeded $30,000.00. Ex. A, para. 1.

6.     PLAINTIFF alleged that, at all times material to the action, he was and is a resident of Miami, Florida.  Ex. A, para. 2.

7.     PLAINTIFF alleged that CHILDRESS is a resident of Bronson, Texas.  Ex. A, para. 3.

8.     PLAINTIFF incorrectly alleged that that DOUBLE CC TRUCKING was a domestic (Florida) limited liability company.  Ex. A, para. 4.

9.     The Complaint alleges that as a direct and proximate result of the negligence of CHILDRESS as well as vicarious liability of DOUBLE CC TRUCKING:

> Plaintiff suffered bodily injury including permanent injury to the body as a whole, pain and suffering of both physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, an aggravation of an existing disease or physical defect, an activation of a latent disease or physical defect, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

Ex. A, para. 11, 17, 24.

10.     Venue is proper in Brevard County, Florida because that was the location of the accident.  Ex. A, para. 5-7.

11.     On December 12, 2022, DEFENDANTS filed their Answer and Affirmative Defenses to PLAINTIFF's Complaint.  A copy of the Answer is attached as Exhibit "B."

12.     DEFENDANTS admitted that CHILDRESS was a resident of Bronson, Texas.  Ex. B, para. 3.

13.     On January 26, 2023, PLAINTIFF served his unverified Answers to Defendant's First Set of Interrogatories.  PLAINTIFF stated that he resided at 1392 Rabbit Street, Palm Bay, FL 32909 since 2021.  A copy of Plaintiff's unverified Answers to Interrogatories is attached as Exhibit "C."

14.     In his Answers to Interrogatories, PLAINTIFF claimed injury to his neck, back, and left elbow, including pain in his back, headaches, and aching pain in his neck that radiates to his upper left arm and elbow.  Ex. C, #12.

15.     PLAINTIFF stated that his medical treatment was "ongoing," and he has treated at Spine and Orthopedic Specialists, Coastline Imaging, Sports Chiropractic, Health, and Rehab, Complete Care, and Coastal Chiropractic.  Ex. C, #14.  He did not have a total amount for his medical

bills at this time but listed $26,146.00 in medical treatment as of the date of his Answers.  Ex. C, #14.

16.    Although PLAINTIFF claims in Answer to Interrogatory #2 that he is not making a claim for lost wages, Plaintiff's Answer to Interrogatory #15, states: "I was unable to work for six months after the crash, in addition my motor vehicle was totaled. It is undetermined at this time as to the amount of past and future wage loss."  Ex. C, #15.  He also listed "loss of earnings, loss of ability to earn money" as damages in his Complaint.  Ex. A, para. 11, 17, 24.

17.    Medical and billing records received pursuant to subpoena from Jason Comerford, D.C. (a.k.a. Sports Chiropractic Health and Rehab) note that PLAINTIFF may have also sought treatment from Biocellular Therapies for treatment to the cervical spine.  *See* Composite Exhibit "D" (redacted), records from Dr. Comerford, p. 6-7.  His medical bills from Dr. Comerford from April 4, 2022 to June 17, 2022 were $10,045.00.  Ex. D, p. 1-5.  PLAINTIFF lists an address in Miami, Florida as his residence.

18.    As of November 18, 2022, PLAINTIFF continued to complain of tension headaches, neck pain, lower back pain, and left medial elbow pain to Dr. Comerford.  Ex. D, p. 8-9.

5

19.    Upon information and belief, PLAINTIFF has undergone cervical injections through Spine and Orthopedic Specialists to treat neck pain that he attributes to the accident, and PLAINTIFF plans on undergoing additional cervical injections.

20.    On January 25, 2023, PLAINTIFF served a Proposal for Settlement, pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes.  A copy of the Proposal for Settlement is attached as Exhibit "E."  PLAINTIFF'S Proposal for Settlement is for $1,000,000.00.

21.    DOUBLE CC TRUCKING was formed as a Limited Liability Company in the State of Texas on March 10, 2021.  Exhibit "F," Certificate of Formation, Secretary of State of Texas, filing #803954170.  The principal place of business for Double CC Trucking, LLC is 4445 Bronson Road, Bronson, TX, 75930, and Michael Childress is the manager.  Ex. F. Exhibit "G," Affidavit of Michael Childress will be filed in support of this Notice under separate cover.

22.    PLAINTIFF has a Florida driver's license and Florida address listed on the Florida Traffic Crash Report, attached as Exhibit "H."  A copy of Plaintiff's Florida driver's license is attached as Exhibit "I."

23.    CHILDRESS lives in Texas and has a Texas driver's license.  Ex. A, para. 3, Ex. G.

24.    A copy of the Docket from Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, State Case No. 05-2022-CA-036073, is attached as Exhibit "J."

25.    There are no motions pending before the State Court.

26.    Other documents filed in State Court are attached as Exhibit "K."

27.    Pursuant to 28 U.S.C. § 1446(d), DEFENDANTS are providing written notice of Defendants' Notice of Removal to Plaintiff's counsel and is filing a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, State Case No. 05-2022-CA-036073.  A copy of the Notice filed in state court is attached hereto as Exhibit "L" (without attachments).

## II.  BASIS FOR REMOVAL

28.    This action is a civil action that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1332 in that it is a civil action between citizens of different states with an amount in controversy exceeding $75,000.  Diversity jurisdiction requires complete diversity of

citizenship; every plaintiff must be diverse from every defendant. <u>Mas v. Perry,</u> 489 F.2d 1396, 1399 (5th Cir.1974), cert. denied, 419 U.S. 842, (1974).

29.   For an individual, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257–58 (11th Cir. 2002). A person's domicile is the place of "'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom...." <u>Mas,</u> 489 F.2d at 1399 (quoting <u>Stine v. Moore,</u> 213 F.2d 446, 448 (5th Cir. 1954). Furthermore, a change of domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely...." <u>Id.</u>

30.   There are a variety of documents that may be used to establish citizenship of a plaintiff:

> Although the complaint fails to allege the plaintiff's citizenship, the defendant possessed numerous documents including an earlier offer to settle the underlying action, an incident report, a traffic crash report, and eight medical records or bills, each of which suggested that the plaintiff was a Florida citizen.

<u>Bankston v. Illinois Nat. Ins. Co.</u>, 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006).

31.     PLAINTIFF is a citizen of the State of Florida.  He stated that he is a resident in his Complaint, and he has listed a Florida address in his medical records and on his Answers to Interrogatories.  He is receiving medical treatment in Florida.   In addition, PLAINTIFF has a Florida driver's license and Florida address listed on the Florida Traffic Crash Report.

32.     CHILDRESS is a citizen of the State of Texas.  He is domiciled in Texas and has a Texas driver's license and Texas address.

33.     The Eleventh Circuit has held that "the general rule for unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "[T]herefore, to sufficiently allege the citizenships of these entities, a party must list the citizenships of all the members of the limited liability company. Mallory & Evans Contractors & Eng'rs, L.L.C. v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir.2011); see also, Landstar Glob. Logistics, Inc. v. Total Transp. Serv., LLC, 308-CV-1212-J-32JRK, 2009 WL 997222, at *1 (M.D. Fla. Apr. 14, 2009).

34.    At all times relevant to this lawsuit, DOUBLE CC TRUCKING was and is a limited liability corporation incorporated in Texas with its principal place of business in Bronson, Texas.   Ex. F.   DOUBLE CC TRUCKING has one member in the LLC: CHILDRESS, who is also the owner and manager of the LLC.  Because CHILDRESS is a citizen of Texas, DOUBLE CC TRUCKING is also a citizen of Texas.

35.    As PLAINTIFF and DEFENDANTS are citizens of different states, complete diversity exists.  Mas, 489 F.2d at 1399.

36.    This court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a), as this case exceeds the jurisdictional threshold amount in controversy.  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).

37.    "Where a plaintiff does not specify a demand for damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence." Martin v. Mentor   Corp., 142 F.Supp.2d 1346, 1348 (M.D. Fla. 2001).

38.    In determining the amount in controversy, the court should first look to the complaint. Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 754 (11th Cir. 2010); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  When, as here, damages are not specified in the complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)) (underline emphasis added).

39.    "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010).  Simply put, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062.

40.    "[T]he defendant must prove only that the amount in controversy 'more likely than not' exceed the jurisdictional requirement. The defendant is not required 'to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" Ross v. Regal Cinemas,

Inc., 8:19-CV-2381-T-30JSS, 2019 WL 13247291, at *1–2 (M.D. Fla. Oct. 17, 2019) (citing Pretka, 608 F.3d at 754).

41.   "[A] notice of removal may be filed within thirty days after receipt by the defendant of an amended pleading, order, or other paper from which it may first be ascertained that the case is one which has become removable."   Martin, 142 F.Supp.2d at 1349, citing 28 U.S.C. § 1446(b).  It is proper for a defendant to rely upon a Proposal for Settlement to determine that a matter is removable.  Id.

42.   Here, the amount in controversy at issue here exceeds $75,000, pursuant to the Proposal for Settlement served by PLAINTIFF on January 25, 2023, seeking to settle the case for $1,000,000.  Ex. E.

43.   DEFENDANTS determined that the case was removable upon the service of PLAINTIFF'S Proposal for Settlement January 25, 2023.  Ex. E.  Prior to January 25, 2023, DEFENDANTS did not have evidence that the amount in controversy exceeded $75,000, as there was no pre-suit demand served, PLAINTIFF'S Complaint filed in State Court alleged only the minimum jurisdictional amount, and PLAINTIFF'S unverified Answers to Interrogatories did not list a definitive amount of damages.  See, Ex. C

44.    Based on the foregoing, complete diversity of citizenship between PLAINTIFF and DEFENDANTS exists, and the amount in controversy exceeds the requisite jurisdictional amount.    Removal is therefore proper under the referenced statutes.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFY that this document was filed through the Florida Courts E-Filing Portal on the date indicated below and that the following were selected for service of a true and correct copy of the foregoing through the E-Portal: **Yalkin Gencel, Esquire,** Morgan & Morgan, P.A., 407 South Washington Avenue, Titusville, FL 32796 (YGencel@forthepeople.com;                CBrodt@forthepeople.com; ARoundtree@forthepeople.com); Attorney for Plaintiff;  this 24th day of February, 2023.

SMITH BIGMAN BROCK, P.A.

By:_____
    JEFFREY E. BIGMAN
    Florida Bar No.: 063347
    ELIZABETH A. MYERS
    Florida Bar No.: 0120495
    Post Office Box 15200
    Daytona Beach, Florida  32115
    Telephone: (386) 254-6875
    **Primary e-mail:** emyers@daytonalaw.com
    **Secondary e-mail:** Eservice@daytonalaw.com
    ATTORNEYS FOR DEFENDANTS,

13

MICHAEL RAY CHILDRESS and
DOUBLE CC TRUCKING, LLC