# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUIS AMIGHETTI,**

        **Plaintiff,**

**v.**                                        **Case No: 6:23-cv-327-RBD-DCI**

**MICHAEL RAY CHILDRESS and**
**DOUBLE CC TRUCKING, LLC,**

        **Defendants.**

_____

## ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Motion to Compel Plaintiff to Submit to Psychiatric Examination (Doc. 23)** |
| **FILED:** | **January 19, 2024** |
| **MOTION:** | **Unopposed Motion to Compel Plaintiff to Submit to Physical Examination (Doc. 24)** |
| **FILED:** | **January 19, 2024** |

**THEREON** it is **ORDERED** that the motions are **GRANTED**.

    This action involves a claim for damages for injuries Plaintiff allegedly sustained as the result of a motor vehicle incident related to the blowout of a tire.  Docs. 1; 23; 24.  Allegedly, because of the incident, Plaintiff sustained physical injuries "to his neck, lower back, left elbow, and resulting headaches and radiating pain" and sustained "a mental health injury."  Docs. 23 at 2; 24 at 2.

Defendant has filed a two motion for examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35.  Docs. 23; 24 (the Motions).  Defendant represents that Plaintiff alleges both physical and mental injuries from the incident.  *Id*. at 2-3.  As such, Defendant seeks to have one doctor physically examine Plaintiff and another doctor conduct a psychiatric examination of Plaintiff.  *Id*.  Thus, Defendant asserts that Plaintiff has placed Plaintiff's physical and mental health in controversy and there is good cause to order Plaintiff to submit to the two examinations. *Id*. at 1.  Defendant proposes the psychiatric examination as follows:

- **Date & Time**: February 16, 2024, at 10:00 a.m.

- **Examiner**: Jeffrey Danziger, M.D.

- **Location**:  2300 Maitland Center Parkway, Suite 211, Maitland, FL 32751

- **Scope**: "Said examination shall be non-invasive and will include medical history, patient interview, physical examination, standard psychiatric battery testing, including but not limited to MMPI, and such other appropriate non-invasive testing as the examiner deems appropriate and such examination shall be for a duration sufficient to permit the examiner to conduct a psychiatric examination and such additional testing to be determined by the examiner to be reasonably necessary to support the findings and conclusions of the examiner."

Doc. 23 at 2-3.  Defendant proposes the physical examination as follows:

- **Date & Time**: February 19, 2024, at 8:30 a.m.

- **Examiner**: Brian Ziegler, M.D.

- **Location**:  830 Executive Lane, Suite 120, Rockledge, FL 32955

- **Scope**: "Said examination shall be non-invasive and will include medical history, physical examination and such other appropriate non-invasive testing as the examiner deems appropriate and such examination shall be for a duration sufficient to permit the examiner to conduct a physical examination."

Doc. 24 at 2-3.  Defendant requests that the Court enter an order permitting the examinations outlined above and states that the Motions are unopposed.[1]  *Id*.

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's physical or mental condition is both in controversy and that there is good cause for the Court to order the examination.  *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).  The order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendant has sufficiently demonstrated that Plaintiff has placed his physical and mental health in controversy.  Further, Plaintiff does not object to the Motion, and appears to agree that he has placed his physical health in controversy.  Therefore, the Court finds that Defendant has established good cause for compelling Plaintiff to submit to the examinations outlined in this Order.

Accordingly, it is **ORDERED** that the Motions (Docs 23; 24) are **GRANTED**.

**ORDERED** in Orlando, Florida on January 25, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The certifications in the Motions state that, "Counsel for Plaintiff has advised does not oppose this Motion to Extend Deadlines."  Of course, these are Rule 35 Motions for examination, not motions to extend deadlines.  Nevertheless, the Court assumes that the certifications mean that the Motions are unopposed, despite the likely cut-and-paste job.  If the Motions are opposed, Plaintiff may file a motion seeking reconsideration, and the Court will reconsider this Order de novo.